# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF LYNCH,<br><br>    Respondent. | Case No. 1:24-cv-00611-EPG-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a disciplinary proceeding. A hearing on the petition was scheduled for November 20, 2024. (ECF No. 10.) However, due to a lockdown of Petitioner's facility, the hearing was not held. (ECF No. 11.)

In his first claim for relief, Petitioner asserts that he was deprived of due process when he was denied access to exculpatory video evidence to use in his defense. (ECF No. 1 at 21.[1]) The state courts denied relief. "The Supreme Court established in *Wolff v. McDonnell* that there are procedural due process rights that a prisoner must be afforded in the context of a prison disciplinary proceeding prior to being deprived of a protected liberty interest." Melnik v. Dzurenda, 14 F.4th 981, 985 (9th Cir. 2021) (citing Wolff v. McDonnell, 418 U.S. 539, 555–72

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

(1974)). The Supreme Court was "of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566.

In lieu of rescheduling a hearing, the Court finds that supplemental briefing would assist the Court in this matter. Specifically, the parties should address whether the state courts' denial of Petitioner's first claim for relief (denial of access to exculpatory video evidence) was contrary to, or an unreasonable application of, clearly established federal law.[2]

Additionally, Respondent should inform the Court whether the video evidence at issue still exists.

Accordingly, the Court HEREBY ORDERS:

1. Within fourteen (14) days of the date of service of this order, Respondent shall file a supplemental brief, **no longer than five (5) pages**, addressing the issues set forth above; and

2. Within fourteen (14) days of the date of service of Respondent's brief, Petitioner may file a response, **no longer than five (5) pages**, to Respondent's brief.

IT IS SO ORDERED.

Dated:   **November 20, 2024**         /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] In the answer, Respondent states that "there was no video evidence depicting the act that constituted a violation of prison rules—the waste of Sergeant Barrios' time during his investigation of Thompson's patently false allegation," and thus, "it was not an unreasonable determination of the facts to conclude that the hearing officer . . . properly denied a request for unavailable video evidence." (ECF No. 8 at 7.) The Court finds this interpretation of Petitioner's claim to be illogical. As should be clear from the factual background of this case, Petitioner was not requesting video of the waste of Sergeant Barrios' time during his investigation. Rather, Petitioner was requesting video footage of the earlier interaction that would show whether custody staff reached through the food port or touched Petitioner, and thus, whether Petitioner was lying and caused Barrios undue work.