# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF LYNCH,<br><br>    Respondent. | Case No. 1:24-cv-00611-JLT-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR AN ORDER TO SHOW CAUSE AND SANCTIONS<br><br>(ECF No. 13) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a disciplinary proceeding.

On October 31, 2024, the Court scheduled a hearing on the petition for November 20, 2024. (ECF No. 10.) The Court ordered:

> Petitioner shall make arrangements with staff at his or her institution of confinement for his or her attendance at the conference. Petitioner's institution of confinement shall make Petitioner available for the hearing at the date and time indicated above for approximately one hour. Prior to the hearing, Respondent's counsel shall confirm with Petitioner's institution of confinement that arrangements have been made for Petitioner's attendance. IT IS FURTHER ORDERED that a copy of this Order be sent to the Warden of Petitioner's institution of confinement and the Litigation Coordinator of Petitioner's institution of confinement.

(Id.) However, due to a lockdown of Petitioner's facility, Petitioner was not present and the hearing was not held. (ECF No. 11.) The following day, the Court issued an order directing the

1  parties to submit supplemental briefing, finding that supplemental briefs would assist the Court
2  in this matter in lieu of a rescheduled hearing. (ECF No. 12.)
3     On December 2, 2024, the Court received the instant motion in which Petitioner requests
4  the Court to issue an order for the warden, litigation coordinator, and officials at his facility to
5  show cause why sanctions should not be imposed for their failure to produce Petitioner for the
6  hearing. (ECF No. 13.) Local Rule 110 provides that "[f]ailure of counsel or of a party to comply
7  with these Rules or with any order of the Court may be grounds for imposition by the Court of
8  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."
9     As the failure to produce Petitioner for the hearing was due to a facility lockdown and
10 given the Court's decision that supplemental briefs would be more helpful than a rescheduled
11 hearing, the Court finds that an order to show cause and/or sanctions are not warranted in this
12 instance.
13    Accordingly, the Court HEREBY ORDERS that Petitioner's motion for an order to show
14 cause and sanctions (ECF No. 13) is DENIED.

IT IS SO ORDERED.

Dated:   **December 3, 2024**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE