1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| DEWAYNE THOMPSON,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF LYNCH,<br><br>    Respondent. | Case No. 1:24-cv-0611 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 17) |
|---|---|

DeWayne Thompson is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, related to a prison disciplinary proceeding that resulted in the loss of good time credits. (*See* Doc. 1.) Petitioner raised the following grounds for relief in his petition: (1) denial of a video, as exculpatory evidence; (2) denial of the opportunity to question an employee at the hearing; (3) finding of guilt without playing video evidence at hearing; and (4) sufficiency of the evidence. (*Id.* at 17-25.)

The magistrate judge found the state court's rejection of Petitioner's claims "was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact." (Doc. 17 at 11, 12, 14, 16; *see also id.* at 7-17.) In addition, the magistrate judge found "[t]he decision was not so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of

1  fairminded disagreement." (*Id.*, internal quotation marks, citation omitted.) Therefore, the
2  magistrate judge recommended the Court deny the petition for writ of habeas corpus. (*Id.* at 16.)
3    Petitioner filed timely objections to the Findings and Recommendations. (Doc. 18.)
4  However, Petitioner largely restates the arguments raised in his petition concerning the
5  circumstances of his disciplinary proceedings. Petitioner does not show the findings of the
6  magistrate judge committed clear error addressing the grounds raised in the petition, or that the
7  legal conclusions are contrary to law.
8    According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
9  Having carefully reviewed the matter—including Petitioner's objections— the Court concludes
10  the Findings and Recommendations are supported by the record and proper analysis. In addition,
11  the Court declines to issue a certificate of appealability.
12    A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a
13  district court's denial of his petition, and an appeal is only allowed in certain circumstances.
14  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas
15  petition on the merits, the Court may only issue a certificate of appealability "if jurists of reason
16  could disagree with the district court's resolution of [the petitioner's] constitutional claims or that
17  jurists could conclude the issues presented are adequate to deserve encouragement to proceed
18  further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the
19  petitioner is not required to prove the merits of his case, he must demonstrate "something more
20  than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537
21  U.S. at 338. In the present case, the Court finds that reasonable jurists would not find the
22  determination that the petition should be denied debatable or wrong, or that Petitioner should be
23  allowed to proceed further. Petitioner did not make the required substantial showing of the denial
24  of a constitutional right. Thus, the Court **ORDERS**:
25    1. The findings and recommendations issued on January 6, 2025 (Doc. 17) are
26     **ADOPTED** in full.
27    2. The petition for writ of habeas corpus is **DENIED**.
28    3. The Clerk of Court is directed to close this case.

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 31, 2025**

UNITED STATES DISTRICT JUDGE